UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLETA GAINARIU,

      Plaintiff,

v.

THE KROGER CO.,

      Defendant.

_____/

Case No. 14-14953

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR TRANSFER OF VENUE [3]**

Plaintiff has brought a negligence claim against Defendant for injuries sustained when she slipped and fell in a South Carolina store owned by Defendant. On February 4, 2015, Defendant filed a Motion for Transfer of Venue [3]. Defendant asked the Court to hold that venue is improper in this district and accordingly transfer the case, under 28 U.S.C. § 1406(a), to the United States District Court for the District of South Carolina, Florence Division. Plaintiff filed a Response [5] on February 17, 2015. The Court held a conference with the parties on March 10, 2015. On April 7, 2015, Defendant filed a Reply [7]. Defendant does not argue in its Reply that the Court should transfer the case under 28 U.S.C. § 1406(a) on the grounds of

1

improper venue. Instead, Defendant asks the Court to transfer the case under 28 U.S.C. § 1404(a), to serve the convenience of the parties and witnesses and otherwise promote the interests of justice. Plaintiff filed a Supplemental Response [8] on April 20, 2015.

For the reasons stated below, Defendant's Motion for Transfer of Venue [3] is **DENIED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

Defendant owns a retail store in North Myrtle Beach, South Carolina. Plaintiff, a Michigan resident, visited the store on July 3, 2013, while on vacation. While in the store, Plaintiff slipped and fell on some water that had accumulated on the floor. She claims that the store's manager told her that the water had accumulated due to a leak in the roof, which had been reported to the store's landlord multiple times but never fixed. She claims that she suffered a fractured arm and dislocated shoulder that required extensive physical therapy and outpatient surgery.

## ANALYSIS

### I. Transfer on the Grounds of Improper Venue

If a case is filed in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district

2

is located." *Id.* § 1391(b)(1). A corporate defendant is "deemed to reside … in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

In its initial brief in support of its Motion for Transfer [3], Defendant asks the Court to transfer the case under § 1406(a) on the grounds that the Eastern District of Michigan is an improper venue for this action. Defendant argues that it does not "reside" in the Eastern District of Michigan within the meaning of § 1391(b)(1) because "it is an Ohio corporation that transacts business as part of its Atlanta Division within North Myrtle Beach, South Carolina." Defendant does not acknowledge § 1391(c)(2)'s personal jurisdiction standard for assessing a corporate defendant's "residence." In its Reply [7], Defendant states that it does not contest the Court's personal jurisdiction over it and concedes that it owns and operates a store in Michigan. It therefore appears likely that Defendant "resides" in this District and that venue is proper under § 1391(b)(1). In any event, Defendant has forfeited any argument to the contrary, since it has not developed any such argument under the governing statutory standard. The Court therefore denies Defendant's request to transfer the case under § 1406(a) on the grounds of improper venue.

## II. Transfer for Convenience, in the Interest of Justice

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

3

might have been brought." 28 U.S.C. § 1404(a). A court must "give some weight to the plaintiff's choice of forum" but balance it against various private and public interests that may favor the movant's preferred forum. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*, 134 S. Ct. 568, 581 & n.6 (2013). The private interests include practical considerations such as access to evidence, the court's ability to compel witnesses' attendance, the cost of obtaining witnesses' attendance, and, where relevant, the possibility of viewing premises. *Id.* 581 n.6 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6 (1981)). Consideration of public interests may entail comparing the competing forums' connection to the controversy, docket congestion, and familiarity with applicable state law. *See id.* (citing *Piper Aircraft*, 454 U.S. at 241 & n.6).

The parties do not dispute that this action "might have been brought" in the District of South Carolina. Unfortunately, they say little about the § 1404 factors. Plaintiff addresses the § 1404 factors only by arguing that her choice of forum should be respected and by asserting there are an equal number of non-medical witnesses in Michigan and in South Carolina. Though Plaintiff states that there are three non-medical witnesses in Michigan, she does not identify them or explain why their physical presence in the forum state will be required. Defendant suggests that Plaintiff is the only "key fact witness" residing in Michigan and that more numerous key witnesses reside in South Carolina.

Defendant does little, however, to identify the South Carolina witnesses or explain why their physical presence in the forum state will be required. Defendant implies that store employees who witnessed the accident or its immediate aftermath will need to travel to Michigan to testify. However, Defendant has submitted incident reports prepared by such employees, and these reports indicate that the accident was captured on video. Such written and video evidence may alleviate or negate the need for employee testimony. Defendant also points out that the store's landlord is located in South Carolina. Defendant has implied that the landlord is responsible for the leak that caused Plaintiff's accident, and that Defendant will, at some unspecified time, seek to join the landlord as a party. Defendant does not, however, identify any witnesses in South Carolina whose testimony will be needed to assess the landlord's responsibility for the accident. Indeed, Plaintiff argued in her Response that the landlord is irrelevant to the transfer analysis; Defendant simply ignored her argument in its Reply. Finally, Defendant notes that Plaintiff sought medical care in South Carolina after the accident. However, Defendant does not identify any witnesses who will need to testify regarding that care, and does not dispute that the majority of Plaintiff's medical care has occurred in Michigan.

Defendant says nothing about the public interest factors. In diversity actions, one public interest factor concerns which forum is more familiar with governing state law. *Atlantic Marine*, 134 S. Ct. at 581 n.6 (citing *Piper Aircraft*, 454 U.S. at 241 &

5

n.6). Here, the Court must apply Michigan choice-of-law rules to determine whether Michigan law or South Carolina law will govern Plaintiff's negligence claim. *See id.* at 582 ("A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 494–496 (1941)). In tort actions, Michigan courts apply a presumption in favor of applying Michigan law. *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 693 (6th Cir. 2013) (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997)). To determine whether this presumption is overcome, the Court must decide whether South Carolina has an interest in its law being applied and, if so, whether Michigan's interests nevertheless mandate that Michigan law be applied. *See id.* If this analysis compels the application of Michigan law in this Court, it would also compel the application of Michigan law in the District of South Carolina after transfer. *Atlantic Marine*, 134 S. Ct. at 582 (reiterating that, generally, "the state law applicable in the original court [must] also apply in the transferee court") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). Such a result would weigh against transfer, since this Court is more familiar with Michigan law than the District Court for the District of South Carolina. Nevertheless, Defendant has made no attempt to rebut the presumption in favor of applying Michigan law.

6

Defendant's argument concerning the § 1404 factors is simply too cursory to overcome Plaintiff's interest in choosing her forum. The Court will therefore deny Defendant's Motion for Transfer of Venue [3] without prejudice. Defendant may present a properly developed argument for § 1404 transfer in a renewed motion, if it chooses.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Change of Venue [3] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: July 16, 2015  Senior United States District Judge